UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS ALBERTO VALTIERRA RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> NATALIE ASHER, et al., <br><br> Respondents. | Case No. C14-98-TSZ-BAT <br><br> **REPORT AND RECOMMENDATON** |

Luis Alberto Valtierra Ramirez, through counsel, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration detention at the Northwest Detention Center in Tacoma. *See* Dkt. 1. He has since been released on a $20,000 bond. *See* Dkt. 10, Ex. A. In light of his release, respondents have moved to dismiss the instant action as moot. Dkt. 10. Mr. Valtierra agrees this action is moot. Dkt. 12 at 2 ("Mr. Valtierra would concur with the government's position that the matter is now moot."). However, he asks the Court to enter judgment in his favor and grant him attorney's fees "for having to file the action to secure his release." *Id.* As discussed below, the Court recommends **GRANTING** respondents' motion to dismiss, **DENYING** Mr. Valtierra's habeas petition as moot, **DENYING** Mr. Valtierra's request for attorney's fees without prejudice as premature, and **DISMISSING** this action without prejudice.

REPORT AND RECOMMENDATON - 1

## DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Where the court can no longer grant effective relief, it lacks jurisdiction and *must* dismiss the case as moot. *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984). Because Mr. Valtierra has already been given the only relief to which he is entitled—release on bond—his claim must be denied as moot. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot portion of habeas petition challenging detention without bond upon grant of bond hearing). Therefore, the Court may not enter judgment in Mr. Valtierra's favor as he requests. *See Cox*, 829 F.2d at 805 (ordering district court to vacate judgment on the merits and dismiss the proceedings as moot).

Mr. Valtierra's request for attorney's fees under the Equal Access to Justice Act[1] ("EAJA") also should be denied. The Court has not entered final judgment, and thus his request is premature. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . ."); *Sohappy v. Hodel*, 911 F.2d 1312, 1321 (9th Cir. 1990) ("Because there has been no final judgment in this action, this [EAJA fee] request is premature.").

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends **GRANTING** respondent's motion to

---

[1] Although Mr. Valtierra does not specify the statutory basis for his fee request, it appears that he is requesting EAJA fees because he cites to a Ninth Circuit case involving EAJA fees. *See* Dkt. 12 at 2 (citing *Li v. Keisler*, 505 F.3d 913 (9th Cir. 2007)).

dismiss, Dkt. 10; **DENYING** Mr. Valtierra's habeas petition as moot, Dkt. 1; **DENYING** Mr. Valtierra's request for attorney's fees without prejudice as premature, Dkt. 12; and **DISMISSING** this action without prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **July 14, 2014.** The Clerk should note the matter for **July 18, 2014**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 30th day of June, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge